NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK STAMPONE, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | OPINION |
| v. | Civil Action No. 04-CV-4241 (DMC) |
| FREEMAN DECORATING CO., JOSEPH V. POPOLO, JR., and DON FREEMAN, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Freeman Decorating Company, Joseph V. Popolo, Jr., and Don Freeman (collectively, "Defendants") to dismiss the Complaint filed against them by *pro se* Plaintiff Frederick Stampone ("Plaintiff"). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submissions of the parties and for the following reasons, it is the finding of this Court that the Defendants' motion to dismiss is **granted**.

I. BACKGROUND

Plaintiff filed the Complaint on August 31, 2004 alleging violations of a lengthy list of various federal statutes, federal and state constitutional provisions, and other broad legal claims. On December 12, 2004, Defendants filed the instant motion to dismiss. Plaintiff filed a brief in opposition on January 6, 2005. Defendants filed a reply brief on February 3, 2005.

The Court accepts as true the factual allegations in Plaintiff's Complaint for the purposes of

this motion. Plaintiff asserts that he has been a member of the United Brotherhood of Carpenters ("UBC") since July 20, 1978. (Complaint at ¶2.) Plaintiff placed his named on the UBC's out-of-work list on August 6, 2004. (Id. at ¶4.) Plaintiff alleges that he was called to work for Freeman Decorating Company on August 17, 2004 at the Republican National Convention Center in Madison Square Garden. (Id. at ¶5.) Plaintiff began work on August 18, 2004. (Id. at ¶6.) At the end of the next work day, a representative from Freeman Decorating Company informed Plaintiff that he was laid off. (Id.) Plaintiff maintains that he was laid off because he was over 51 years of age. (Id.) Plaintiff immediately requested his paycheck and was informed it would be mailed on August 26, 2004. (Id.) Plaintiff maintains that he never received his paycheck. (Id. at ¶7.) Plaintiff claims that Defendants have denied him his paycheck, right to work, and union benefits. (Id. at ¶8.)

## II. DISCUSSION

### A. Standard of Review

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the Complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Worth v. Selden, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a). Due to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, a court should dismiss the case pursuant to Rule 8(a), "if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it." Cole v. Commonwealth Federal, 1994 WL 618464, *1 (E.D.Pa.); citing King v. Fayette County, 92 F.R.D. 457, 458 (W.D.Pa.1981); Brown v. Califano, 75 F.R.D. 497 (1977).

### B. Plaintiff Failed to Follow the Proper Administrative Remedies Under 42 U.S.C. §2000e(5)(1).

Title VII of the Civil Rights Act of 1964 establishes special procedures for the prevention of unlawful employment practices, including the creation of the Federal Equal Employment Opportunity Commission ("EEOC") to investigate charges of such unlawful employment practices. 42 U.S.C. §§2000e. Accordingly, before instituting a Title VII action, individuals must file a claim with the EEOC within 180 days of the alleged unlawful discriminatory act and obtain a right to sue letter from the agency. 42 U.S.C. 2000e-5(e). These conditions are "non-jurisdictional prerequisites, akin to a statute of limitations." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Accordingly, claims made under Title VII may be dismissed for failure to exhaust such administrative remedies. Anjelino v. The New York Times Co., 200 F.3d 73, 87-88 (3d Cir. 1999).

Here, Plaintiff has failed to produce any evidence he filed a claim with the EEOC with regard to his age discrimination allegation. Also, Plaintiff has not disputed Defendants' argument in their motion to dismiss that he failed to do so. As such, because Plaintiff failed to follow the proper administrative remedies under 42 U.S.C. §2000e(5)(1), namely that he satisfy the condition

precedent of filing a timely claim with the EEOC for recovery under Title VII, Defendants' motion to dismiss Plaintiff's age discrimination claim is granted.

### C. Plaintiff Failed to Exhaust Grievance Procedures Required under His Contract with His Union.

Under federal labor law policy, "individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by the employer and union as the mode of redress." Republic Steel Corp. V. Maddox, 379 U.S. 650, 652-3 (1965). Unless otherwise agreed to, "the employee must afford the union the opportunity to act on his behalf." Id. at 653. Furthermore, "if the wrongfully discharged employee himself resorts to the courts before the grievance procedures have been fully exhausted, the employer may well defend on the ground that the exclusive remedies provided by such a contract have not been exhausted." Vaca v. Sipes, 386 U.S. 171, 184-5 (1967).

In the present matter, the New York Trade Show Contractors' Association ("the Association") and the District Council of New York City and Vicinity of the UBC and Joiners of America, AFL-CIO entered into the Convention and Exhibition Field Agreement ("the Agreement"). The Agreement governs work performed for exhibit shows between July 1, 2001 through July 30, 2006. As a member of the Association, Defendants are governed by the Agreement. Also, as a member of the UBC, Plaintiff is subject to the provisions of the Agreement.

Article XII, Section 1 of the Agreement provides that "in the event there shall exist any claim, demand, dispute or controversy between the parties hereto...the parties hereto shall first attempt to settle and adjust such dispute, claim, demand or controversy by negotiation." Article XII, Section 2, further provides that "any grievance not resolved shall be submitted to arbitration."

Here, Plaintiff has failed to follow proper grievance procedures as set forth in and required by the Agreement. As a member of the UBC, Plaintiff should have exhausted all grievance procedures available to him under the Agreement before resorting to this Court for relief. As such, Defendants' motion to dismiss Plaintiff's contract claims for failure to follow proper procedures is **granted**.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss Plaintiff's complaint is **granted**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       September 9, 2005
Original:   Clerk's Office
Cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File